UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM,<br><br>*Plaintiff,*<br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant.* | Civil Action No. 25-3619 (ACR) |

## ANSWER

Defendant, the United States Immigration and Customs Enforcement ("Defendant" or "ICE"), by and through undersigned counsel, hereby answers the Complaint, ECF No. 1, filed by Federation for American Immigration Report ("Plaintiff or FAIR") in this Freedom of Information Act action ("FOIA") matter. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE[1]

1. The allegations in Paragraph 1 consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action. Answering further, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

## PARTIES

2. The allegations contained in Paragraph 2 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is deemed required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3. Defendant admits only that ICE is a component of the United States Department of Homeland Security ("DHS") and is subject to the provisions of the FOIA, 5 U.S.C. § 552, et seq. The remainder of the allegations contained in this paragraph consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits that it may possess records responsive to Plaintiff's FOIA request and denies the remaining allegations.

## STATUTORY FRAMEWORK

4. The allegations contained in Paragraph 4 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

5. The allegations contained in Paragraph 5 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

6. The allegations contained in Paragraph 6 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

7. The allegations contained in Paragraph 7 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

8. The allegations contained in Paragraph 8 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

9. The allegations contained in Paragraph 9 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which

Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

10. The allegations contained in Paragraph 10 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

11. The allegations contained in Paragraph 11 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

12. The allegations contained in Paragraph 12 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

13. The allegations contained in Paragraph 13 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

14. The allegations contained in Paragraph 14 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

15. The allegations contained in Paragraph 15 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

16. The allegations contained in Paragraph 16 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

17. The allegations contained in Paragraph 17 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

18. The allegations contained in Paragraph 18 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which

Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

19. The allegations contained in Paragraph 19 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

20. The allegations contained in Paragraph 20 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

21. The allegations contained in Paragraph 21 consist of Plaintiff's characterization of FOIA Improvement Act of 2016 to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA Improvement Act of 2016 on which Plaintiff relies, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

22. The allegations contained in Paragraph 22 consist of conclusions of law and of Plaintiff's characterization of FOIA Improvement Act of 2016 to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA Improvement Act of 2016 on which Plaintiff relies, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

23. The allegations contained in Paragraph 23 consist of conclusions of law and of Plaintiff's characterization of FOIA Improvement Act of 2016 to which no response is required.

To the extent a response is deemed required, Defendant respectfully refers the Court to FOIA Improvement Act of 2016 and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

24. The allegations contained in Paragraph 24 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the case on which Plaintiff relies, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

25. The allegations contained in Paragraph 25 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

26. The allegations contained in Paragraph 26 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

27. The allegations contained in Paragraph 27 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

28. The allegations contained in Paragraph 28 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is

deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the case on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

29. The allegations contained in Paragraph 29 consist of conclusions of law and of Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552, and the cases on which Plaintiff relies, which speak for themselves, and denies any allegations in this paragraph inconsistent therewith.

## STATEMENT OF FACTS

### OPERATION TALON AND ITS SUSPENSION OR TERMINATION

30. The allegations contained in Paragraph 30 consist of Plaintiff's characterization of a news article. The news article speaks for itself and is the best evidence of its contents, and ICE denies any allegations inconsistent therewith.

31. The allegations contained in Paragraph 31 consist of Plaintiff's characterization of a news article. The news article speaks for itself and is the best evidence of its contents, and ICE denies any allegations inconsistent therewith.

### FAIR'S FOIA REQUEST TO ICE (2021-ICFO-35533)

32. Defendant admits only that it received a FOIA request from Plaintiff on February 18, 2021, and respectfully refers the Court to Plaintiff's Request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

33. Defendant admits.

34. The allegations contained in Paragraph 34 consist of conclusions of law and of Plaintiff's characterization of this FOIA request, to which no response is required. To the extent

that a response is deemed required, Defendant admits that FOIA provides parameters and timeframes for agency responses to FOIA requests and respectfully refers the Court to this FOIA request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

35. The allegations contained in Paragraph 35 consist of conclusions of law and of Plaintiff's characterization of this FOIA request, to which no response is required. To the extent that a response is deemed required, Defendant admits that FOIA provides parameters and timeframes for agency responses to FOIA requests, respectfully refers the Court to this FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

36. Defendant admits only that Defendant emailed Plaintiff. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterization of Defendant's email to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to Defendant's response for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith,

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the allegations.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the allegations.

39. Defendant admits only that Defendant sent an email to Plaintiff on March 18, 2025. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterization of Defendant's email to which no response is required. To the extent that a response is deemed

required, Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

40. Defendant admits only the receipt of Plaintiff's email on March 20, 2025. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterizations of that email to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to Plaintiff's email for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

41. Defendant admits only the receipt of Plaintiff's email on April 15, 2025. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterization of that email to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to Plaintiff's email for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies these allegations.

43. Defendant admits.

44. Defendant admits only that the submission of records responsive to Plaintiff's request produced 32 pages. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterization of that response, to which no response is required, and therefore Defendant denies the allegations.

45. Defendant admits.

46. Defendant admits only that Defendant submitted a letter signed by Deputy FOIA Officer Megan Davis. The remainder of the allegations contained in this paragraph consist of Plaintiff's characterization of FOIA and of Defendant's letter to which no response is required. To

the extent that a response is deemed required, Defendant respectfully refers the Court to Defendant's letter for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

### FAIR'S ADMINISTRATIVE APPEAL (2025-ICAP-00400)

47. Defendant admits only that Defendant received an appeal letter on August 20, 2025. The remainder of the allegations contained in this paragraph consist of conclusions of law to which no response is required.

48. Defendant admits.

49. Defendant admits only that Defendant sent a letter on September 18, 2025. The remainder of the allegations contained in this paragraph consist of conclusions of law and of Plaintiff's characterization of Defendant's letter, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to Defendant's letter for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

50. Defendant admits.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

51. Defendant restates and incorporates by reference the preceding paragraphs of this Answer as though fully stated herein.

52. The allegation contained in Paragraph 52 consists of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegation.

53. The allegations contained in Paragraph 53 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

54. The allegations contained in Paragraph 54 consist of conclusions of law and of Plaintiff's characterization of FOIA to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

55. The allegations contained in Paragraph 55 consist of conclusions of law and of Plaintiff's characterization of FOIA to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

56. The allegations contained in Paragraph 56 consist of conclusions of law and of Plaintiff's characterization of FOIA to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

57. The allegations contained in Paragraph 57 consist of conclusions of law and of Plaintiff's characterization of FOIA to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

58. The allegations contained in Paragraph 58 consist of conclusions of law and of Plaintiff's characterization of FOIA to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations

59. The allegations contained in Paragraph 59 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in the Prayer for Relief and denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 59, or to any relief whatsoever from the Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to relief beyond what is provided for under the FOIA.

**FIFTH DEFENSE**

Plaintiff is not entitled to attorneys' fees and costs.

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

Dated: January 13, 2026                Respectfully submitted,

                                       JEANINE FERRIS PIRRO
                                       United States Attorney


                                       By:      /s/ Allison I. Brown
                                            Allison I. Brown
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            202-252-7822

                                       *Attorneys for the United States of America*